IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 2:04CR11

AARON RILEY, a/k/a "Fresh,"
        Defendant.

**ORDER/OPINION**

On the 9th day of May 2006, came the United States of America by Stephen D. Warner, Assistant United States Attorney, and also came the defendant, Aaron Riley, in person, and by his counsel, Brian J. Kornbrath, for hearing on the Petition for Action on Conditions of Pretrial Release alleging that Riley violated his Conditions of Release by moving without permission of his Pretrial Services Officer, and by not remaining on home confinement as ordered by the Court.

I. Procedural History

On July 19, 2005, Defendant Aaron Riley was released on conditions set by Order. On March 2, 2006, pre-trial services officer William Bechtold filed a "Petition for Action on Conditions of Pretrial Release" alleging Defendant violated his conditions of release by failing to report as directed and by failing to file monthly supervision reports as required. On March 21, 2006, Defendant appeared before the undersigned United States Magistrate Judge for hearing on the Petition. By Order entered March 21, 2006, the undersigned entered an Order continuing Defendant's release on bond on condition that he remain on home confinement and not move without permission of his supervising pretrial services officer.

On March 23, 2006, Pretrial Services Officer Bechtold filed a "Petition for Action on Conditions of Pretrial Release" alleging Defendant violated his conditions of release by moving

without the permission of the supervising pretrial services officer and by failing to remain on home confinement. On March 27, 2006, the undersigned United States Magistrate Judge Ordered a warrant be issued for Defendant's arrest.

Defendant was arrested pursuant to the Court's order and had an Initial Appearance before the Court on May 2, 2006. A full hearing was held on the Petition for Action on Conditions of Pretrial Release before the undersigned on May 9, 2006. Defendant appeared in person and by his counsel, Brian J. Kornbrath. The United States appeared by Stephen Warner, its Assistant United States Attorney.

## II. Contentions

The Petition alleges that Defendant violated conditions of the Order Setting Conditions of Release which required Defendant to remain on home confinement, and not to move without the permission of his supervising Pretrial Services Officer.

As grounds for the Petition, Officer Bechtold states:

> On March 22, 2006, at approximately 5:30 p.m., the pretrial services officer visited the defendant's residence on 1st Street in Moorefield, West Virginia. The person at the residence advised that the defendant was not at home and was visiting a friend in Petersburg, West Virginia. The individual advised the pretrial services officer that the defendant did in fact live in the residence. On March 23, 2006, the pretrial services officer received a message from the defendant that he was living in Petersburg, West Virginia, and asked the pretrial services officer to contact him. The pretrial services officer attempted to contact the defendant on March 23, 2006, at approximately 9:50 a.m. at the number that he had left. The individual who answered the phone indicated that the defendant was not there.

The Court heard the testimony of Defendant and Pretrial Services Officer Mark Sneberger.

### III. Findings Of Fact

Based on the testimony presented at the hearing held May 9, 2006, and the docket record as the same existed on May 9, 2006, the undersigned makes the following findings of fact:

1) Defendant was placed on conditional release by Order dated March 21, 2006.

2) The Order Setting Conditions of Release required Defendant to remain on home confinement and also required him to obtain the permission of his supervising pretrial services officer before moving.

3) Defendant was released from federal custody on March 21, 2006, pursuant to the Order Setting Conditions of Release.

4) Defendant signed an acknowledgment that he was aware of the conditions of his release, was aware of the penalties and sanctions for violations of his conditions of release, and promised to obey his conditions of release.

5) Defendant is Pretrial Services Officer William Bechtold's assigned supervisee.

6) Defendant did not notify the Court, his counsel, or his pretrial services officer in writing that he had moved.

### IV. Conclusion

Upon consideration of all the evidence, the undersigned concludes there is clear and convincing evidence that Defendant violated the Order Setting Conditions of Release entered March 21, 2006.

Based on the factors set forth in 18 U.S.C. §3142(g) and the clear and convincing evidence presented at the hearing, the undersigned finds Aaron Riley is unlikely to abide by any condition

or combination of conditions of release.

It is therefore **ORDERED** that, pursuant to the provisions of 18 U.S.C. §3148 (a) , (b)(1)(B) and (2)(A) and (B), the release of Defendant Aaron Riley on conditions is **REVOKED** and that:

1) Defendant be **REMANDED** to the custody of the United States Marshal pending further proceedings in this case;

2. Defendant be confined in a facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. Defendant be afforded a reasonable opportunity for private consultation with defense counsel;

4. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding; and

5. The Clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Probation Officer.

DATED: May 10, 2006.

**/s** *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE